**Arturo Dominguez BECERRIL, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–72523.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2004.*

Decided Nov. 12, 2004.

Arturo Dominguez Becerril, Canoga Park, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., Leslie McKay, DOJ—U.S. Department of Justice, Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, TASHIMA, and GOULD, Circuit Judges.

MEMORANDUM **

Arturo Becerril, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his applications for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petition for review.

Even if Arturo Becerril testified truthfully, substantial evidence supports the IJ's finding that he failed to establish a well-founded fear of persecution based on his refusal to join guerilla forces or retribution for his service in the Guatemalan military. *Cf. Cruz–Navarro v. INS*, 232

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

F.3d 1024, 1028–29 (9th Cir.2000) (recognizing that former military service may in some instances support an asylum claim); *Sangha v. INS*, 103 F.3d 1482, 1490 (9th Cir.1997) (explaining that forced recruitment alone is insufficient to establish persecution on account of an enumerated ground).

Moreover, Arturo Becerril's subjective fear is not well-founded in light of changed country conditions. *See Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 1000 (9th Cir.2003) (upholding a denial of asylum based on changed country conditions where the agency rationally construes the country report and conducts an individualized analysis of how the changed conditions will affect the petitioner's situation).

Because Arturo Becerril failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of deportation. *See Al–Harbi v. INS*, 242 F.3d 882, 888–89 (9th Cir.2001).

Substantial evidence also supports the IJ's conclusion that Becerril is not entitled to relief under the Convention Against Torture because he did not demonstrate that it is more likely than not that he would be tortured upon return to Guatamala. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897 (9th Cir.2004) (order), Becerril's period of voluntary departure will begin to run upon issuance of this court's mandate.

DENIED.